George Stephenson and Hazel Stephenson v. Commissioner.
Stephenson v. Commissioner
Docket No. 90658.
United States Tax Court
T.C. Memo 1963-4; 1963 Tax Ct. Memo LEXIS 340; 22 T.C.M. (CCH) 12; T.C.M. (RIA) 63004; January 4, 1963
George Stephenson, pro se, Bentley Lake Rd., Howell, Mich. Carl W. Kloepfer, Esq., for the respondent. DAWSON
Memorandum Findings of Fact and Opinion Dawson, Judge: Respondent determined a deficiency in income tax for the taxable year 1957 in the amount of $240. The only issue is whether the petitioners furnished more than one-half of the support of Shirley Ann and Velma Stephenson, daughters of George Stephenson, in 1957 so as to qualify them as dependents under section 152(a)(1) of the Internal Revenue Code of 1954. Findings of Fact Some of the facts have been stipulated by the parties and are so found. Petitioners, George and Hazel *341 Stephenson, are husband and wife. They filed their joint Federal income tax return for the calendar year 1957 with the district director of internal revenue at Detroit, Michigan. Prior to his present marriage, George was married to Velma Stephenson and they have two daughters, Shirley Ann and Velma. On May 23, 1955, the Circuit Court for Wayne County, Michigan, entered an order for Temporary Alimony, Custody of Minor Children, and Attorney Fees which provided that George would pay through the Friend of the Court $10.00 a week for the support of each child (a total of $20.00 weekly). On August 4, 1955, the Circuit Court for Wayne County entered a decree of divorce under the terms of which Velma was granted custody of both daughters with George having visitation rights. The divorce decree also provided that George would continue to pay through the Friend of the Court a total of $20.00 weekly for the support of both children. During 1957 both daughters lived in Detroit with their mother. George was employed by the Chrysler Corporation and Velma was employed by the Automatic Spring Corporation. George's gross income was approximately $5,300 and Velma's was approximately $4,300. *342 In the year 1957 George contributed the following amounts for the support of his daughters: Friend of the Court
$1,060.00
Weekly Allowances
208.00
Christmas Gifts
20.00
Birthday Gifts
10.00
Clothes and Miscellaneous Items
60.00
$1,358.00
In the year 1957 Velma contributed the following amounts for the support of her daughters which were in addition to the amounts for support paid by George in that year: Lodging
$ 540.00
(two-thirds of $67.50 per month)
Food
520.00
Clothing
400.00
Church Contributions
40.00
Other Household Expenses
60.00
(heat, electricity, telephone, etc.)
$1,560.00 In addition to these amounts, Velma also paid for medical and dental expenses, child care, entertainment, which included ice skating and movies, and real estate taxes on the residence. Velma claimed and was allowed the exemptions for both daughters for 1955 and 1956. After an audit by the Internal Revenue Service, she was allowed the exemptions for 1957. Petitioners did not furnish over one-half of the support of the children for the year 1957. Opinion In their 1957 income tax return the petitioners claimed both of George Stephenson's *343 daughters as dependents. Respondent disallowed the exemptions because it could not be shown that they contributed more than half of the total cost for the support of the children. After considering all the evidence and hearing the testimony of the children and Velma Stephenson (now Blair), it is clear that the petitioners have failed to establish their right to the dependency exemptions. We therefore uphold respondent's determination. Decision will be entered for the respondent.